ESCALONA *v*. DORDAL ET AL.

APPEAL from the District Court of San Juan.

No. 102.—Decided February 12, 1906.

APPEAL—DEMURRER.—An order overruling a demurrer is not a final judgment and is not therefore appealable to the Supreme Court.

ID.—ORDER EXCEPTED TO—OPERATION OF LAW.—Orders overruling demurrers are considered to be excepted to by operation of law, and may be reviewed on appeal taken from the final judgment in the case.

The facts are stated in the opinion.

*Mr. Lasalle* for appellant.

*Mr. Monserrat* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On February 11th of last year Francisco Escalona de Castro brought an action in the District Court of San Juan against Gavino Alvarez Dordal et al. to compel them to acknowledge, as heirs of Vicente Dordal, the genuineness and authenticity of a receipt drawn by the latter in favor of Mateo O'Farril for the sum of 785.70 *pesos,* secured by a mortgage on the house No. 57 Luna, now Rafeal Cordero, street, in this capital, of which Escalona had become the owner under public deed executed on June 22, 1904, with the consequent cancellation of said mortgage, and with the costs against the defendants.

The defendants demurred to the complaint on the ground that the facts alleged were not sufficient to constitute a cause of action, and the court, by decision of March 14th of the same year, sustained the demurrer, taxing the costs against the plaintiff, who amended the complaint within the period granted him for the purpose.

Counsel for the defendants again demurred on a different ground from that alleged in the previous demurrer, namely, that the court did not have jurisdiction of the case in view of the subject-matter of the action, because the question involved was a mortgage credit for the sum of 785.70 *pesos,* contracted by public deeds of July 19, 1859, and June 1, 1860, a sum equivalent at the present time to $471.42, less therefore than the sum of $500, which is the amount fixed by law to determine the jurisdiction of municipal courts in civil matters.

The San Juan court, by an order of August 25th last, held that the law was against said demurrer, and overruled it, with the costs against the defendants, who took an appeal from this decision, which is now pending disposition by this Supreme Court, after the parties had filed written briefs and made oral arguments in support of their respective claims.

Upon an examination of the nature of the decision appealed from, we do not find it comprised in any of the cases specifically enumerated in section 295 of the Code of Civil Procedure which determines the decisions of district courts from which an appeal may be taken to this Supreme Court, because the demurrer filed having been overruled such order cannot be qualified as a final judgment, and, on the contrary, the way is left open for the continuation of the proceedings until final judgment is rendered, at which time, if an appeal were taken from the judgment rendered, the order referred to would be considered as expected to by operation of the law, in accordance with the provisions of sections 213 of the said Code, and the jurisdiction of the court would extend to it also, and it could be affirmed or reversed.

For the reasons stated, it should be held that a decision of the appeal in question does not lie, with the costs against the appellant.

*Dismissed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary, and Wolf concurred.